In the Matter of: **Michael Anthony STELLA, Debtor.**

Michael Anthony **Stella, Appellant,**

v.

**Bernie R. Rakozy, Appellee.**

**No. 07–35648.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Decided Dec. 14, 2009.

R.App. P. 34(a)(2).

Randal J. French, Esquire, Bauer & French, Boise, ID, for Appellant.

Jed W. Manwaring, Esquire, Evans & Keane, Boise, ID, for Appellee.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Michael Anthony Stella appeals from the district court's judgment affirming an order of the bankruptcy court denying his counsel's application for additional attorney's fees. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review decisions of the bankruptcy court independently without deference to the district court's determinations. *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 857 (9th Cir.2004). We affirm.

Based on the evidence in the record, the bankruptcy court did not clearly err by finding that no additional fees were warranted. *See Law Offices of David A. Boone v. Derham–Burk (In re Eliapo)*, 468 F.3d 592, 596 (9th Cir.2006) ("We will not reverse an award of fees unless we have a definite and firm conviction that the bankruptcy court committed clear error in

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the conclusion it reached after weighing all of the relevant factors.").

Stella's remaining contentions are unavailing.

We deny appellee's motion to dismiss this appeal as moot because the bankruptcy court retains subject matter jurisdiction over attorney's fees issues despite the dismissal of the underlying bankruptcy case. *See Tsafaroff v. Taylor (In re Taylor)*, 884 F.2d 478, 481 (9th Cir.1989) (stating that a bankruptcy court retains jurisdiction "to dispose of ancillary matters such as an application for an award of attorney's fees for services rendered in connection with the [dismissed] underlying action").

**AFFIRMED.**